FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP -2 PM 3: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HENRY LEWIS ALLEN, JR., et al., ) | |
| Plaintiffs, ) | |
| vs. ) | CV 99-BU-1632-S |
| MUTUAL OF NEW YORK LIFE INSURANCE COMPANY and JOAN B. ALLEN, ) | ENTERED<br>SEP 0 2 1999 |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is presently pending before this Court on Motion to Dismiss or for Transfer of Venue (Doc. 8), filed by Defendant Joan B. Allen.

### MOTION TO DISMISS

Defendant Allen contends that this Court lacks personal jurisdiction over her because she does not have sufficient minimum contacts with the state of Alabama to subject her to jurisdiction in this state.

The legal principles applicable to this question are well-settled in this Circuit. Plaintiffs bear the initial burden of establishing a prima facie case of jurisdiction over a nonresident defendant when no evidentiary hearing is held on the motion to dismiss. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Plaintiffs can establish a prima facie case by presenting enough evidence to defeat a motion for directed verdict. *Id.* The Court



must accept as true the allegations in the complaint, to the extent that they are uncontroverted by Defendant's affidavits. When the evidence is in conflict, the Court must construe all reasonable inferences in favor of Plaintiff. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

The Eleventh Circuit has established a two-part analysis for determining whether personal jurisdiction exists over a nonresident defendant. *Madara*, 916 F.2d at 1514. First, this Court must consider the question of jurisdiction under Alabama's long-arm statute. *Id.* Second, this Court must determine "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 342, 85 L. Ed. 278 (1940))). Personal jurisdiction may be exercised over a nonresident defendant only if both prongs of this analysis are satisfied. *Id.*

    a.    <u>Alabama's Long Arm Statute</u>

The Alabama Supreme Court has consistently held that Alabama's long arm statute, Ala. R. Civ. P. 4.2(a)(2)(I),[1] authorizes a court to assert personal jurisdiction to the limits

---

[1] Alabama's long-arm statute is found in Ala. R. Civ. P. 4.2(a)(2), which states:

> A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
>
> . . .
>
> (I) . . . having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding

of federal due process. *See Morris*, 843 F.2d at 492 n.3 (citing *Alabama Power Co. v. VSL Corp.*, 448 So. 2d 327, 328 (Ala. 1984)). Thus, the only question remaining for this Court to decide is whether its exercise of personal jurisdiction over Defendant Allen would be consistent with the Due Process Clause.[2]

b.  Federal Due Process

The Supreme Court has established a two-part test for determining whether personal jurisdiction over a nonresident defendant is constitutionally permissible under the Due Process Clause of the Fourteenth Amendment. *Morris*, 843 F.2d at 492 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). First, this Court must determine whether Defendant Allen purposefully established "minimum contacts" in the forum State. Second, this Court must determine whether the assertion of personal jurisdiction comports with "fair play and substantial justice." *Id.* at 320. Discussion of whether the assertion of personal jurisdiction over Defendant Allen comports with "fair play and substantial justice" is pretermitted by this Court's decision that Defendant Allen does not have sufficient minimum contacts with Alabama.

The Supreme Court has held that "the Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*,

---

a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

[2]Defendant Allen asserts that Plaintiffs are alleging she has sufficient contacts with the state for jurisdictional purposes pursuant to Ala. R. Civ. P. 4.2(a)(2)(F), based on her former ownership of real property in this state. However, Plaintiffs -- correctly -- do not assert jurisdiction based on this ground, which requires that the action arise from the ownership of such real property.

471 U.S. 462, 471-472, 105 S. Ct. 2174, 2181, 85 L. Ed. 2d 528 (1985) (citing *International Shoe*, 326 U.S. at 319).

Courts and commentators generally recognize two types of personal jurisdiction: (1) "specific" jurisdiction and (2) "general" jurisdiction.

Specific jurisdiction exists when the subject matter of the litigation relates to or arises out of Defendant's contacts with the forum. *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 & n.8, 97 S. Ct. 2569, 2579 & n.8, 53 L. Ed. 2d 683 (1977)). In this situation, "the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of *in personam* jurisdiction." *Id.*

General jurisdiction exists "[e]ven when the cause of action does not arise out of or relate to the [nonresident Defendant's] activities in the forum State" so long as the nonresident Defendant has "continuous and systematic" contacts with the forum state. *Helicopteros,* 466 U.S. at 414-15 & n.9.

The Complaint contains no averments with respect to Defendant Allen's contacts with the State of Alabama. However, in Plaintiffs' Opposition to Motion to Dismiss, they argue that Defendant Allen "has continuous and systematic contacts with this state." Plaintiff's point to Defendant Allen's previous ownership of property in Alabama, that she lived in Alabama for two years after she married the decedent, and that she visits her daughter and her daughter's family, who live in Alabama.

The Court concludes that Plaintiffs have failed to establish a prima facie case of in personam jurisdiction with regard to Defendant Allen. There is no evidence of "continuous

and systematic" contacts with Alabama, as opposed to sporadic and casual contacts, on the part of Defendant Allen sufficient to satisfy the requirements for general jurisdiction. *Helicopteros,* 466 U.S. at 415-17.

## MOTION TO TRANSFER

Where a district court does not have in personam jurisdiction over Defendant, the case may be transferred to a district court that does have personal jurisdiction pursuant to either 28 U.S.C. § 1404(a) or § 1406(a). *See Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1107 (5th Cir. Unit A 1981). The transfer is appropriate "for the convenience of parties and in the interest of justice . . . even if no personal jurisdiction existed in the transferring court." *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523 (5th Cir. 1978)(citing *Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295 (5th Cir. 1963)). Since this Court has no personal jurisdiction over Defendant Allen in this action and since the considerations of justice require it, this case is due to be transferred to the United States District Court for South Carolina.

## CONCLUSION

Accordingly, there is no basis for personal jurisdiction over Defendant Allen in the United States District Court for the Northern District of Alabama under Alabama's long arm statute or under federal due process analysis. Therefore, the case is due to be transferred. Defendant Allen's Motion to Dismiss will be denied and the case will be transferred to the United States District Court for South Carolina. This Court will enter an appropriate order in conformity with this Memorandum Opinion.

DONE this 2ND day of September, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE